UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| ROBERT E. SAPP, SR., and ) | Case No. 10-20580-659 |
| LORRAINE M. SAPP, ) | Chapter 13 |
| ) | |
| Debtors. ) | **PUBLISHED** |

**O R D E R**

The matter before the Court is the Motion to Dismiss Case as to Lorraine M Sapp Only filed by Creditor Tower Loan of Missouri, Inc., Debtors [sic] Response and Objection to Creditor's Motion to Dismiss Case as to Co-Debtor, Lorraine M. Sapp and Trustee's Objection to Motion to Dismiss Cae [sic] as to Lorraine M Sapp Only. The matter was taken as submitted. Upon consideration of the record as a whole, the Court resolves the matter as follows.

Debtors Robert E. Sapp, Sr. and Lorraine M. Sapp filed a joint petition under Chapter 13 of the Bankruptcy Code on October 15, 2010. On December 14, 2010, Debtor Robert E. Sapp, Sr. filed an Amended Petition stating that he signed the Amended Petition on behalf of Debtor Lorraine M. Sapp, his wife, over whom Debtor Robert E. Sapp, Sr. is Guardian and Conservator. Debtor Robert E. Sapp, Sr. also submitted a copy of the Letters of Guardianship of an Incapacitated Person and Conservatorship of a Disabled Person from the 10th Judicial Circuit Court of Marion County, Missouri, which states that on March 11, 2009, Debtor Robert E. Sapp, Sr. was appointed and has qualified as guardian of the person and conservator of the estate of Debtor Lorraine M. Sapp, an incapacitated and disabled person. Specifically, Debtor Robert E. Sapp, Sr. was "authorized and empowered to perform the duties of guardian and to perform the duties of conservator as provided by law, under the supervision of the court, having the care and custody of the person and estate of" Debtor Loraine M. Sapp. Letters of Guardianship of an Incapaciated Person and Conservatorship of a Disabled Person in the Estate of Lorraine Mildred Sapp dated

March 11, 2009, ¶ 2.

Creditor Tower Loan of Missouri, Inc. (hereinafter "Creditor") filed Motion to Dismiss Case as to Debtor Lorraine M Sapp Only, arguing that Debtor Lorraine M. Sapp may not avail herself to the provisions of the Bankruptcy Code because she is not a Debtor within the meaning of Section 109.  Trustee states that he is without sufficient information to admit or deny the allegations of the Motion to Dismiss but states that Section 109(h) of the Bankruptcy Code and Rule 1004.1 of the Federal Rules of Bankruptcy Procedure imply that an incompetent person may be a debtor in a Chapter 13 case.

The Bankruptcy Code provides that a voluntary bankruptcy case may only be commenced when an individual or entity who may be a debtor files a petition.  *See* 11 U.S.C. § 301 (2010). Section 109 states who may be a debtor, and specifically exempts incapacitated or disabled debtors from personally meeting certain requirements imposed on most debtors. *See* 11 U.S.C. § 109(h)(4) (2010).  Incapacity under Section 109(h)(4) means "the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in person, telephone, or Internet briefing required under [109(h)(1)]." *Id.*  Section 109 does not prohibit an incapacitated, incompetent or disabled person from being a debtor in a Chapter 13 case.  Moreover, Section 109 cannot be read in isolation of other relevant law.

Debtor Robert E. Sapp, Sr. has been appointed as guardian and conservator of Debtor Lorraine M. Sapp by the 10th Judicial Circuit Court of Marion County, Missouri.  Missouri Statute Section 475.120 states that "[t]he general powers and duties of a guardian of an incapacitated person shall be to take charge of the person of the ward and to provide for the ward's care, treatment, habilitation, education, support and maintenance." Mo. Rev. Stat. § 475.120.3 (2010). Further, Missouri Statute Section 475.130.1 states that the conservator of an estate shall protect,

2

preserve and manage the estate. . .[and is] under a duty to use the "degree of care, skill and prudence which an ordinarily prudent man uses in managing property the property of, and conducting transaction on behalf of, others." Mo. Rev. Stat. § 475.130.1 (2010). Rule 17 of the Federal Rules of Civil Procedure, as incorporated by Rule 7017 of the Federal Rules of Bankruptcy Procedure, states that a guardian may sue or defend an action in the name of the real party in interest. Fed. R. Civ. P. 17(c)(1) (2010). And, Rule 1004.1 of the Federal Rules of Bankruptcy Procedure states that "if an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person." Fed. R. Bankr. P. 1004.1 (2010).

The only dispute is whether an incapacitated person may be a debtor under Section 109 of the Bankruptcy Code. Debtor Lorraine M. Sapp is indisputably an incapacitated and disabled person, and, it is not disputed that her husband, Debtor Robert E. Sapp, Sr. has been appointed as guardian and conservator of her person and estate. As such, Debtor Robert E. Sapp, Sr. may act within his capacity to do what is in the best interest of the estate of Debtor Lorraine M. Sapp, to the inclusion of filing a voluntary bankruptcy petition on her behalf. A host of cases support this conclusion. *See In re Kjellsen,* 155 B.R. 1013, 1018 (Bankr. D.S.D. 1993), *rev'd on other grounds* (Congress did not intend to bar incompetent persons from filing a voluntary bankruptcy petition; to so do would likely raise constitutional issues of due process and equal protection); *In re Kirschner,* 46 B.R. 583, 584 (Bankr. E.D. N.Y. 1985), *abrogated on other grounds by In re Colish,* 289 B.R. 523 (Bankr. E.D. N.Y. 2002)(wife who was appointed guardian *ad litem* of her husband by the Supreme Court of the State of New York to file a petition in Bankruptcy was permitted to do the same); *see also In re Zawisza,* 73 B.R. 929, 932 (Bankr. E.D. Pa. 1987)(an incompetent debtor is not barred from seeking relief in bankruptcy via a court appointed guardian); *In re Smith,* 115 B.R. 84 (Bankr. E.D. Va. 1990)(an incapacitated or disabled person may file bankruptcy through a guardian or next friend, but not a mere power of attorney unless the power of attorney is expanded

to include the power to file bankruptcy petition on debtor's behalf); *In re Myers,* 350 B.R. 760, 762-63 (Bankr. N.D. Ohio 2006)(an incompetent person may be a debtor in a Chapter 7 case, and the Court may appoint a next friend to act on the debtor's behalf pursuant to Bankruptcy Rule 1004.1 and Section 105); *In re Clinton,* 41 F.2d 749 (S.D. Cal. 1930)(a person adjudged incompetent may on petition of guardian, as authorized by probate court, be a debtor in bankruptcy); *cf. In re Raymond,* 12 B.R. 906 (Bankr. E.D. Va. 1981)(where wife who only held power of attorney over her Sailor husband, who was serving in the U.S. Navy, could not file a joint petition on her and her husband's behalf); *contra In re Eisenberg,* 117 F. 786 (S.D. N.Y. 1902)(where a state court-appointed committee of debtor-lunatic was restrained from filing a bankruptcy petition on his behalf). Therefore,

**IT IS ORDERED THAT** Motion to Dismiss Case as to Lorraine M. Sapp Only is DENIED.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: July 20, 2011
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Robert and Lorraine Sapp
308 S. 10th Street
Quincy, IL 62301

Tower Loan of Missouri, Inc.
Box 961
Hannibal, MO 63401

Michael Dean Holliday
Curl & Hark, L.L.C.
999 Broadway
P.O. Box 1013
Hannibal, MO 63401

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Norman W Lampton
Law Offices of Norman W Lampton
4002 Imperial Ct - Suite B
Columbia, MO 65201-9026